**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BRADLEY SCOTT CHESHIER and
NICOLE SHATTERFIELD** **PLAINTIFFS**

**VS.** **NO. 3:21-CV84-M-RP**

**THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY, CALDWELL
INSURANCE, INC., JENNIFER MINOR,
JUSTIN ADAIR, AND JOHN DOES 1-10** **DEFENDANTS**

**MEMORANDUM OPINION**

This cause comes before the court on motion of plaintiffs Bradley Scott Cheshier and Nicole Shatterfield to remand this case to the Circuit Court of Panola County, Mississippi [26], and on motion of defendants Caldwell Insurance, Inc., Jennifer Minor, and Justin Adair to dismiss the plaintiffs' complaint [7, 28, 34]. Defendants The Travelers Home and Marine Insurance Company and Justin Adair have responded in opposition to the motion to remand; plaintiffs Bradley Scott Cheshier and Nicole Shatterfield have responded in opposition to the motions to dismiss; and the court, having considered the memoranda and submissions of the parties is prepared to rule.

**A.    Factual and Procedural Background**

This is an insurance claim denial case arising out of a coverage dispute related to Traveler's Home and Marine Insurance Company ("Travelers") Homeowner's Policy #0XL610-995978974-633-1, which was held by plaintiffs Bradley Scott Cheshier and Nicole Shatterfield. The claim filed by the plaintiffs on or around May 5, 2020, arose out of damage to the brick façade on the home of Bradley Cheshier. The damaged brick façade in question was inspected on May 11, 2020,

1

and the insurance claim was later denied on May 22, 2020, as Travelers determined that the cracks in the façade were caused by structural defect, which was not covered by the homeowner's policy.

On March 19, 2021, Plaintiffs filed their cause of action in the Circuit Court of Panola County, Mississippi against defendants Travelers, Caldwell Insurance Company, Inc. ("Caldwell"), the insurance agent Jennifer Minor, and John Does 1-10. Justin Adair, an insurance claims adjuster for Travelers, was later added as a defendant through an amended complaint on May 11, 2021. The plaintiffs are seeking damages against all defendants. On April 19, 2021, defendants removed the case to this court on the basis of diversity jurisdiction. Federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000 and where there is diversity between all plaintiffs and all defendants. 28 U.S.C.A. § 1332. Neither the citizenship of the parties nor the amount in controversy is contested in this matter.

Plaintiffs have presently moved to remand, arguing that diversity jurisdiction is lacking, as the Plaintiffs and three defendants, Caldwell, Minor, and Adair, are all citizens of Mississippi. Defendants argue, however, that Caldwell, Minor, and Adair have been improperly joined in this action and that their Mississippi Citizenship should therefore be disregarded for diversity purposes.

### B. Improper Joinder

In considering defendants' arguments, the court initially notes that the removing party bears the difficult burden of demonstrating that jurisdiction is proper due to improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). "The burden of persuasion placed upon those who cry '[improper] joinder' is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). The two ways to establish improper joinder are: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

2

against the non-diverse [defendant] in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). There must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of [improper] joinder" rather than just a "mere theoretical possibility of recovery." *Travis*, 326 F.3d at 648 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). The defendants' assertion of improper joinder is based on the second method; they argue that there is no reasonable possibility of recovery against Adair, Caldwell, or Minor. If there is a reasonable possibility of recovery against any of the non-diverse defendants, diversity would no longer be satisfied, as diversity requires all persons on one side of the controversy to be citizens of different states than all persons on the other side. 28 U.S.C.A. 1332. The Court also must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649)).

The Fifth Circuit, in its seminal decision in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), brought its improper joinder jurisprudence more in line with that of other circuits. In *Smallwood*, the Fifth Circuit made it clear that district courts should generally apply a far more deferential standard of review to the allegations made by the plaintiff than had previously been the case within this circuit. The directives to the district courts given by the Fifth Circuit in *Smallwood* are:

> A court may resolve th[is] issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573.

The plaintiffs assert that the insurance policy was presented by Minor and Caldwell as appropriate in this circumstance and more specifically alleged, by later filed memoranda, to be in the form of advice from Minor and Caldwell. Plaintiffs' complaint also asserts that Adair failed to fully investigate and adjust the claim appropriately. This claim was further elaborated in later memoranda by stating that Adair breached his duty when no further investigation was conducted after the engineer suggested additional investigation to determine cause. As the Fifth Circuit stated in Smallwood, "there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder and that "[i]n such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry." Smallwood, 385 F.3d at 573. Holding a plaintiff to the allegations of his or her complaint in determining improper joinder issues would ignore the reality that Mississippi law provides for liberal amendment of complaints. See Miss. R. Civ. Pro. Rule 15. There is a reasonable possibility that plaintiffs would be allowed to amend their complaint in response to a motion to dismiss filed in state court, and this should not be ignored in the improper joinder context. *Johnston v. Nationwide Mut. Ins. Co.*, 2015 WL 5334275, at *5 (N.D. Miss. Sept. 14, 2015). The Court will now analyze whether a claim could be maintained against each defendant who would defeat diversity jurisdiction.

### C. Minor

The Mississippi Supreme Court has indicated that an agent may not be held liable for failing to advise an insured regarding his or her insurance needs, but if an agent does undertake to provide advice, then he may be held liable for any negligence in doing so. For example, the Mississippi Supreme court wrote that:

> … we do not find that insurance agents in Mississippi have an affirmative duty to advise buyers regarding their coverage needs…. Imposing liability on agents for

4

> failing to advise insureds regarding the sufficiency of their coverage would remove any burden from the insured to take care of his or her own financial needs. However, we find that if agents do offer advice to insureds, they have a duty to exercise reasonable care in doing so. A jury should be allowed to decide whether reasonable care was exercised here.

*Mladineo v. Schmidt*, 52 So.3d 1154, 1160 (Miss. 2010). Therefore, there is clear potential for an insurance agent to be held liable under Mississippi law for providing negligent advice to an insured.

Defendants Minor and Caldwell assert that, in the complaint, plaintiffs provided rather vague allegations against them that did not rise to the level of actual factual or legal allegations needed to establish a cause of action. However, the plaintiffs' complaint asserts that:

> 18. Plaintiffs purchased the Travelers homeowner's insurance from Defendants Caldwell Insurance, Inc. and Minor, which policy was in effect at the time of the incident subject to this lawsuit. The policy was issued and delivered in Mississippi and Plaintiffs had paid all applicable premiums. This policy was presented as being an appropriate homeowner's police to cover the damages of the type complained of herein to the covered address.

[1] Later in the plaintiffs' affidavits, it is more specifically and clearly asserted that "… they relied on the advice offered by Caldwell and Minor when they purchased their home insurance policy…" [46]. The plaintiff also states in another affidavit that "Defendants Caldwell and Minor sold the policy of insurance to Plaintiffs, holding the same out to be a policy acceptable to cover the type of loss occurring in this instance" [27].

To find improper joinder, the court must first find that there is not a possibility of a valid cause of action. *B., Inc., v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981). When determining the validity of a cause of action, the Court must assume all facts set forth by the plaintiff to be true and resolve all uncertainties as to state substantive law against the defendants. *Id.* Due to the case law and the applicable duty owed by an insurance agent, it is reasonable to

5

believe that the plaintiffs could establish a cause of action in state court against this defendant which would defeat diversity jurisdiction and trigger a remand to state court.

### D. Caldwell

Even if there was no direct liability for Caldwell, an employer can be liable for the actions of their employees. It is undisputed that Minor was an employee of Caldwell, and when a party establishes an employer-employee relationship, a rebuttable presumption arises that the employee was acting within the scope of his employment under Mississippi law. (*Sturkin v. Mississippi Ass'n of Supervisors, Inc.*, 315 So. 3d 521, 531 (Miss. Ct. App. 2020). Even if unauthorized, acts do not necessarily fall outside the scope of employment when they are of the same general nature as the conduct authorized or incidental to that conduct. (*Townsend v. What a Combo Inc.*, 281 So. 3d 43, 47 (Miss. Ct. App. 2019). A jury must often decide whether an employee's acts are incidental to their regular job duties. *Sturkin*, 315 So. 3d at 532. The pleadings have shown there to be at least an arguably reasonable basis for predicting that state law would allow recovery under this theory with regard to Caldwell's liability for Minor's actions which would defeat diversity jurisdiction and trigger a remand to state court.

### E. Adair

Finally, in considering defendants' argument regarding Adair, the standard of care of an insurance adjuster is generally that an adjuster cannot be held liable for "simple negligence in connection [with] its work on a claim." *Gallagher Basset Services, Inc. v. Jeffcoat*, 887 So.2d 777, 784 (Miss. 2004). However, an adjuster "can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991) quoting *Dunn v. State Farm Fire & Cas. Co.*, 711 F.Supp. 1359, 1361 (N.D. Miss. 1987). An adjuster also has a duty to investigate all

relevant information and must make a realistic evaluation of a claim. *Bass*, 581 So.2d at 1090. However, an agent will incur liability where the agent's conduct rises to the levels established in *Bass*. *Conyers v. Life Ins. Co. of Georgia*, 269 F.Supp.2d 735, 738 (N.D. Miss. 2003). Plaintiffs directly allege this in the complaint:

> [17] An engineer inspected the property and, upon information and belief, opined that additional investigation would be required to determine the cause of the crack in the façade. No further investigation has been undertaken…
> [21] Mr. Adair has breached his duty owed to Plaintiffs to fully and fairly investigate and/or adjust the claim made pursuant to the policy….
> [23] …Justin Adair failed to properly investigate and adjust Plaintiff's claim….

Defendant Adair alleges that these statements are merely "threadbare recitals" that fail to present a facially plausible claim. However, the plaintiffs, in later affidavits, more descriptively state their allegation that Adair acted willfully when he gave several, conflicting reasons as to why the claim should be denied. [42]. The plaintiffs also specifically allege that Adair acted with reckless disregard by providing the plaintiffs with a reason for denial and later changing the reason for the denial, and then subsequently admitting that an engineer should be consulted to determine the actual cause of the damage. [42]. Once the engineer did examine the damage, it was believed that further investigation would be needed to determine the cause, but this was never done. [17]

"Reckless disregard embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." (*Miss. Dep't of Pub. Safety v. Durn*, 861 So.2d 990, 995 (Miss. 2003) (quoting *City of Jackson v. Lipsey*, 834 So.2d 687, 692 (Miss. 2003)). The plaintiffs appear to overcome making "threadbare recitals" as they adequately allege that Adair has willfully not completed his duty to investigate all relevant information and must make a realistic evaluation of a claim as established in *Bankers*.

Gross negligence is course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them.

7

*In re Guardianship of Duckett*, 991 So.2d 1165, 1176 (Miss. 2008) Citing *Dame v. Estes*, 101 So.2d 644, 645 (Miss. 1958). As stated above, plaintiffs make claims regarding the adjuster failing to fully investigate the damage.

As stated earlier, the plaintiffs need only show a reasonable basis to establish a cause of action against the non-diverse defendant in state court. Accordingly, the averments are sufficient to find a reasonable basis for anticipating possible success on the breach-of-duty prong of a *Bass*-type claim under Mississippi law. Further, any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Ernewayn v. Home Depot USA, Inc.*, 727 F.3d 369, 370 (5th Cir. 2013)

The Court also must "take into account the status of discovery" and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant. *McKee,* 358 F.3d at 334. As in this case, discovery has not yet begun, and the plaintiffs have not had time to fully develop their claims.

### F. Conclusion

This court has specifically limited its analysis to determine if diversity jurisdiction exists. This court does not seek to predict how the litigation of the claims will play out in state court, and it has purposefully limited its analysis of the substance of these claims, in deference to Mississippi state courts' interest in deciding these issues on their own.

This court finds there to be a reasonable possibility that a Mississippi trial court would allow plaintiffs to amend their complaint to more specifically set forth their allegations against the defendants. The court further finds a reasonable possibility that the state court would consider Plaintiffs' affidavits prior to deciding whether the in-state defendants should be dismissed from the case. Finally, the court finds a reasonable possibility that, having considered this evidence, a

8

state court would conclude, based on *Mladineo*, that plaintiffs have managed to create fact issues regarding whether Minor, and Caldwell acting through Minor, failed to exercise reasonable care in providing insurance advice to plaintiffs and whether Adair the adjuster acted with gross negligence, malice, or reckless disregard with his duties.

The court therefore finds there to be a reasonable possibility that plaintiff will recover against one or more resident Mississippian defendants in state court, and diversity jurisdiction is therefore lacking in this case. Plaintiffs' motion to remand will therefore be **GRANTED**.

**ACCORDINGLY**, it is therefore ordered that plaintiffs' motion to remand [26] is **GRANTED**, and this case is hereby remanded to the Circuit Court of Panola County. As this case is being remanded, the pending motions to dismiss [7, 28, 34] are **DISMISSED AS MOOT** without prejudice to be re-filed in the state court as appropriate.

**SO ORDERED**, this 12th day of August 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**